IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
10:37 am, Sep 20, 2013
SUE BEITIA, CLERK

| | |
|---|---|
| JERRY AGBANNAOAG, ON BEHALF OF HIMSELF AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, ET AL., )<br><br>Plaintiffs, )<br><br>vs. )<br><br>THE HONORABLE JUDGES OF THE CIRCUIT COURT OF THE FIRST CIRCUIT OF THE STATE OF HAWAII, AS INDIVIDUALS ACTING IN THEIR OFFICIAL CAPACITIES, ET AL., )<br><br>Defendants. )<br>_____ ) | Civ. No. 13-00205 BMK<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH PREJUDICE |

ORDER GRANTING DEFENDANTS'
<u>MOTION TO DISMISS WITH PREJUDICE</u>

Before the Court is Defendants' Motion to Dismiss with Prejudice Complaint for Declaratory and Injunctive Relief (Doc. 5). The Court heard this Motion on August 6, 2013 and the parties submitted supplemental briefing thereafter. After careful consideration of the Motion, the supporting and opposing memoranda, and the arguments of counsel, the Court GRANTS Defendants' Motion to Dismiss.

## FACTUAL BACKGROUND

Plaintiffs are parties in ongoing state court foreclosure actions, and they bring this class action lawsuit against the "Circuit Judges of the First, Second, Third, and Fifth Circuits of the State of Hawaii" in their official judicial capacities. (Complaint ¶ 6.) Plaintiffs sue these judges because, either through direct assignment or reassignment, they are "awarding and enforcing . . . unconstitutional foreclosure deficiency judgments in the State of Hawaii and who unless enjoined will and are continuing to do so in violation of Federal Due Process of Law." (Id. ¶ 6.)

Plaintiffs are challenging the "arithmetic method" used by Defendants for determining the amount of foreclosure deficiency judgments, in which Defendants "merely subtract[] the net proceeds of sale from the face value of the amount owing on mortgage loans." (Id. ¶ 2.) According to Plaintiffs, Defendants fail to take into consideration "any evidence of higher property valuations or subsequent higher sales ('flipping' by foreclosing mortgagees or their related parties)." Id. ¶ 14.

Plaintiffs assert that Defendants' method of determining deficiency judgment amounts "completely ignores reality." (Id. ¶ 15.) Plaintiffs explain that

this method allows foreclosing mortgagees to rig auction sales and secure windfall profits:

> [D]ue especially to the present housing market collapse, mortgagees have the ability to credit bid for much more than the property is usually worth, thus scarring away and effectively depressing competition and thus in effect 'rigging' auction sales, enabling foreclosing mortgagees to recover property at less than fair market value, while at the same time using that artificial auction sales price to secure a windfall profit over and above what is actually owed, even double recoveries, by adding onto its below-market purchase a sizeable deficiency judgment.
>
> 16. Thus, by flipping the property, the foreclosing mortgagee can make, even relatively immediately, more than what it was actually owed, and more than what it had even loaned or paid for a loan assignment, sometimes being assigned to it during the foreclosure process itself. The result is frequently that borrowers are penalized beyond what their foreclosing mortgagee actually lost and subject to confiscatory judgments without a hearing to determine actual loss and thus actual liability.

(Id. ¶¶ 15-16.)

Plaintiffs claim that their "Federal Due Process Rights" are being violated and continue to be violated by Defendants' method of determining deficiency judgment amounts, because their property/money is being taken "without conducting a separate actual loss and fair value hearing." (Id. ¶¶ 32, 19, 194-95.) Plaintiffs pray for declaratory and injunctive relief. (Id. ¶¶ 194-98.)

They seek "a declaratory judgment prohibiting [Defendants] from awarding or enforcing foreclosure deficiency judgments by the . . . method currently utilized, and to instead devise an alternative system consistent with" due process law. (Id. ¶ 194.) They also seek "injunctive relief preventing the awarding and enforcement of foreclosure deficiency judgments . . . until the . . . method currently utilized is remedied consistent with" due process law. (Id. ¶ 195.) Plaintiffs do not pray for damages. (Id. ¶ 198.)

The individually named Plaintiffs are involved in ongoing foreclosure cases in state court. One foreclosure action was brought by Finance Factors, Ltd. against Plaintiffs Jerry Agbannaoag, Merlita Agbannaoag, Severino Agbannaoag, Conchita Agbannaoag, and Cosmedin Tasani. The second foreclosure action was brought by Bank of Hawaii, Central Pacific Bank, and Finance Factors, Ltd. against Plaintiffs Ke Kailani Development LLC and Michael J. Fuchs. Both actions are ongoing in state court.

> Additionally, Plaintiffs bring this case as class action
> 
> on behalf of every past, present and future borrower and guarantor of every residential and commercial mortgage loan on real property situated in the State of Hawaii who has been, is being, or will be subject to a determination and/or enforcement of a foreclosure monetary deficiency judgment in this District and in Hawaii State Courts.

(Id. ¶ 1.)

Defendants now move this Court for an order dismissing Plaintiffs' Complaint with prejudice on various grounds, including judicial immunity and Younger abstention.

## DISCUSSION

I.    Judicial Immunity

Plaintiffs are suing state court judges in their official capacities for injunctive and declaratory relief. Defendants contend that this action must be dismissed on grounds of judicial immunity.

"A long line of [Supreme Court] precedents acknowledges that, generally, a judge is immune from suit for money damages." Mireles v. Waco, 502 U.S. 11, 9 (1991) (per curiam). Judicial immunity "is not limited to immunity from damages, but extends to actions for declaratory, injunctive and other equitable relief." Moore v. Brewster, 96 F.3d 1240, 1243 (9th Cir. 1996), superceded by statute on other grounds as recognized in Tia v. Mollway, Civ. No. 11-00421 JMS-KSC, 2011 WL 2945813, at *4 (D. Haw. July 20, 2011); Mullis v. United States Bankr. Court for the District of Nev, 828 F.2d 1385, 1394 (9th Cir. 1987) (holding that judicial immunity "bar[s] declaratory and injunctive relief"). Indeed, "judicial immunity is an immunity from suit." Mireles, 502 U.S. at 11.

"Few doctrines were more solidly established at common law than the immunity of judges." Pierson v. Ray, 386 U.S. 547, 553-54 (1967). "This immunity applies even when the judge is accused of acting maliciously and corruptly, and it 'is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences.'" Id. at 554. "Although unfairness and injustice to a litigant may result on occasion, 'it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'" Mireles, 502 U.S. at 9.

In the present case, Plaintiffs sue state judges in their official judicial capacities for declaratory and injunctive relief. All of the actions challenged in this lawsuit were clearly done within the scope of Defendants' judicial functions. There is no allegation by Plaintiffs that Defendants acted in the "clear absence of all jurisdiction." Mullis, 828 F.2d at 1388 (noting that judicial immunity does not apply when a judge "has acted in the 'clear absence of all jurisdiction'"). Thus, Defendants are judicially immune from Plaintiffs' claims for declaratory and injunctive relief.

Plaintiffs, in their memoranda and at oral argument, point to <u>Pulliam v. Allen</u>, 466 U.S. 522, 541 (1984) for the proposition that "judicial immunity is not a bar to prospective injunctive relief against a judicial officer acting in her judicial capacity." (Supp. Opp. at 1-2.) Importantly, however, <u>Pulliam</u> was a case brought under 42 U.S.C. § 1983, whereas Plaintiffs stated on the record at the August 6, 2013 hearing that the present action is <u>not</u> brought under § 1983.

Further, <u>Pulliam</u> has been abrogated on this issue and judicial immunity may now bar § 1983 claims for equitable relief. "[I]n 1996, Congress effectively abrogated <u>Pulliam</u> by enacting the Federal Courts Improvement Act of 1996, which amended 42 U.S.C. § 1983 to provide that in 'any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." <u>La Scalia v. Driscoll</u>, Civ. No. 10-5007, 2012 WL 1041456, at *7 (E.D.N.Y. March 26, 2012). Plaintiffs' Complaint does not allege that a declaratory decree was ever entered or that declaratory relief was unavailable. <u>See</u>, <u>e.g.</u>, <u>Foulk v. Upton</u>, Civ. No. 12-00400 AC, 2012 WL 6924559 (D. Or. Nov. 27, 2012); <u>La Scalia</u>, 2012 WL 1041456, at *7. In any event, "[d]eclaratory relief against a judge for actions taken within his or her judicial capacity is ordinary available by appealing the judge's order."

La Scalia, 2012 WL 1041456, at *7. Thus, the Court rejects Plaintiffs' argument that Pulliam and cases following Pulliam allow this action to proceed against Defendants.

II.        Younger Abstention

In the alternative, Defendants contend that the Younger abstention doctrine requires this Court to abstain and dismiss Plaintiffs' claims.

"Younger abstention is a jurisprudential doctrine rooted in overlapping principles of equity, comity, and federalism." San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose, 546 F.3d 1087, 1092 (9th Cir. 2008). Federal courts "must abstain under Younger if four requirements are met: (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that Younger disapproves." Id.

With respect to the first element of the test – whether a state-initiated proceeding is ongoing, the Agbannaoag and Ke Kailani actions are pending in state court. (Ex. A, C, E & F.) Plaintiffs do not dispute that these actions are pending in

state court, but argue that the language "state-initiated proceeding" mandates that the underlying proceedings have to be initiated by the State of Hawaii. (Opp. at 12; Supp. Opp. at 10.)  Plaintiffs are mistaken; this language requires that the underlying action must have been initiated in state court, not initiated by a state plaintiff.  Kitchens v. Bowen, 825 F.2d 1337, 1341 (9th Cir. 1987) ("the critical question is . . . whether 'the state proceedings were underway before initiation of the federal proceedings'").

      For example, in AmerisourceBergen Corp. v. Roden, 495 F.3d 1143, 1149 (9th Cir. 2007), the Ninth Circuit addressed Younger abstention, including the first element, which requires that a state-initiated proceeding be ongoing.  The Ninth Circuit found that the first element was satisfied because "the post-judgment proceedings in Roden v. BBC[, 107 Cal. App. 4th 620 (Cal. App. 2003)] were ongoing." Id.  In that underlying case, the president (Roden) of a private corporation (BBC) sued the corporation (BBC).  Roden, 107 Cal. App. 4th at 623.  The underlying case was not initiated by the State of California or any state agency, yet the Ninth Circuit concluded that the first element of the Younger abstention test was satisfied.  Although the Ninth Circuit concluded that Younger abstention did not apply because another element was unsatisfied, AmerisourceBergen Corp. discredits Plaintiffs' assertion that the first element of

9

the Younger test requires that the case in state court be initiated by a state party. In the present case, it is undisputed that the Agbannaoag and Ke Kailani actions are ongoing in state court and, therefore, the first element of the Younger abstention test is met.

As to the second element of the test, the issues presented in Plaintiffs' case implicate important state interests. Plaintiffs challenge the calculations used for determining deficiency judgments in foreclosure cases. The State of Hawaii has significant interest in the judicial conduct of foreclosure proceedings, which involve state residents, real estate, and local lenders. Further, the issues have broad impact on many state residents, as Plaintiffs seek to represent "every past, present and future borrower and guarantor of every residential and commercial mortgage loan on real property situated in the State of Hawaii who has been, is being, or will be subject to a determination and/or enforcement of a foreclosure monetary deficiency judgment in this District." (Complaint ¶ 1.)

The third element of the Younger test, requiring that the federal plaintiff be allowed to litigate federal constitutional issues in the state proceeding, is also satisfied here. Plaintiffs raised their federal constitutional issues and claims in the state court proceedings. For example, the Agbannaoag parties in Civil No. 10-1-0244(2) filed a Rule 60(b) Motion for Relief, in which they assert that the

Court's calculation of the deficiency judgment "is inconsistent with [their] Procedural Due Process Rights" and their "Substantive Due [Process] Rights." (Defs' Ex. B at 9-18.) Because Plaintiffs may – and in fact did – raise their federal constitutional challenges in the state proceedings, the third element of the Younger abstention test is met.

        The last element in the Younger test is whether the federal court action would enjoin the state court proceeding or would interfere with the state proceeding in a way that Younger disapproves. If this Court ultimately agrees with Plaintiffs that Defendants violated their constitutional rights in calculating the deficiency judgments in the cases currently pending in state court, Plaintiffs could present this Court's ruling to the state court as support for modifying the deficiency judgments. On the other hand, if this Court finds in favor of Defendants, then Defendants could present this Court's ruling to the state court in opposing Plaintiffs' challenges to the deficiency judgments. Regardless of which way this Court rules, any ruling in this case would likely interfere with ongoing state court proceedings. Further, as noted above, Plaintiffs presented the same issues to this Court as well as the state court, which may result in rulings that differ from or contradict state court rulings on the same or substantially similar issues in the

pending state court actions.  Consequently, the fourth element of the Younger abstention test is satisfied.

The Court concludes that the four elements of the Younger abstention test are satisfied in this case.  San Jose Silicon Valley, 546 F.3d at 1092.  Consequently, this Court "must abstain under Younger."  Id.  This Court "may not exercise jurisdiction when those [elements] are met; there is no discretion vested in the district court to do otherwise."  Id. (quoting Green v. City of Tucson, 255 F.3d 1086, 1093 (9th Cir. 2001)).  Accordingly, the Court abstains under Younger and dismisses Plaintiffs' Complaint.[1]

III.     Leave to Amend

Plaintiffs ask for leave to amend the Complaint, arguing they can cure any deficiencies in the Complaint.  (Supp. Opp. at 8.)  If allowed to amend, Plaintiffs will "substitute or add class representatives," "delet[e] the number of Judicial Defendants," and/or "seek declaratory relief alone."  (Id. at 8-9.)  However, amending the Complaint in the manner proposed by Plaintiffs would not cure the deficiencies in the Complaint.  Schreiber Distr. Co. v. Serv-Well Furniture Co., 806 F.2d 1393 ("leave to amend should be granted unless the court determines

---

[1] Defendants present alternative arguments for dismissal of this action, including the Rooker-Feldman doctrine and lack of standing.  This Court need not address those issues, as the Court dismisses this action on judicial immunity and Younger abstention grounds.

that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency"). Even if Plaintiffs amended the Complaint as suggested, judicial immunity and <u>Younger</u> abstention would still apply. Therefore, the Court dismisses the Complaint with prejudice and without leave to amend. <u>Id.</u>

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' Motion to Dismiss (Doc. 5). The Complaint is dismissed with prejudice, without leave to amend. The Clerk of Court is DIRECTED to enter Judgment in Defendants favor and against Plaintiffs, and to close this case.

DATED: Honolulu, Hawaii, September 20, 2013.

IT IS SO ORDERED.



/s/ Barry M. Kurren
United States Magistrate Judge
Dated: September 20, 2013