IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JERRY AGBANNAOAG, ON BEHALF OF HIMSELF AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, ET AL., )<br><br>Plaintiffs, )<br><br>vs. )<br><br>THE HONORABLE JUDGES OF THE CIRCUIT COURT OF THE FIRST CIRCUIT OF THE STATE OF HAWAII, AS INDIVIDUALS ACTING IN THEIR OFFICIAL CAPACITIES, ET AL., )<br><br>Defendants. )<br>_____ ) | Civ. No. 13-00205 BMK<br><br>ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION OF THIS COURT'S ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |

ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION OF THIS COURT'S ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

Before the Court is Plaintiffs' Motion for Reconsideration of this Court's Order Granting Defendants' Motion to Dismiss (Doc. 27). After careful consideration of the Motion and the supporting and opposing memoranda, the Court DENIES Plaintiffs' Motion for Reconsideration.[1]

---

[1] The Court elects to decide this Motion without a hearing, pursuant to Local Rule 7.2(d).

DISCUSSION

Plaintiffs seek reconsideration of this Court's Order Granting Defendants' Motion to Dismiss (Doc. 24).  In that Order, the Court dismissed Plaintiffs' Complaint with prejudice on grounds of judicial immunity and Younger abstention.  Plaintiffs contend that this Court committed manifest error in granting Defendants' Motion to Dismiss.

"A party may ask the court to reconsider and amend a previous order pursuant to [Rule 59(e).]"  White v. Sabatino, 424 F. Supp. 2d 1271, 1274 (D. Haw. 2006) (internal quotation marks omitted).  Rule 59(e) "offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources."  Id.

"In the Ninth Circuit a successful motion for reconsideration must accomplish two goals."  Id.  "First, it must demonstrate some reason why the court should reconsider its prior decision."  Id.  "Second, a motion for reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision."  Id.  According to the Ninth Circuit, there are "three grounds justifying reconsideration:  (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or

prevent manifest injustice." Id.  The District of Hawaii has implemented these standards in Local Rule 60.1, which provides:

> Motions for reconsideration of interlocutory orders may be brought only upon the following grounds:
> (a) Discovery of new material facts not previously available;
> (b) Intervening change in law;
> (c) Manifest error of law or fact.

"Mere disagreement with a previous order is an insufficient basis for reconsideration." White, 424 F. Supp. at 1274.  "Furthermore, a FRCP 59(e) motion for reconsideration may not present evidence or raise legal arguments that could have been presented at the time of the challenged decision." Id. Additionally, "recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." United States v. Westlands Water Dist., 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) (A "motion for reconsideration is not a vehicle to reargue the motion or to present evidence which should have been raised before.").  "Whether or not to grant reconsideration is committed to the sound discretion of the court." Id.

First, Plaintiffs challenge this Court's conclusion that judicial immunity bars their claims.  In their original papers opposing Defendants' Motion to Dismiss, they cited Pulliam v. Allen, 466 U.S. 522, 541 (1984) for the proposition that "judicial immunity is not a bar to prospective injunctive relief."

(Order at 7.) Plaintiffs present the same argument in their Motion for Reconsideration. However, this Court distinguished Pulliam in the Order, stating: "Pulliam was a case brought under 42 U.S.C. § 1983, whereas Plaintiffs stated on the record at the August 6, 2013 hearing that the present action is not brought under § 1983." (Order at 7 (emphasis in original).) Further, even if Plaintiffs' claims were under § 1983, this Court noted that "Pulliam has been abrogated on this issue." Most importantly, however, "judicial immunity is an immunity from suit" and bars Plaintiffs' claims, irrespective of the type of relief sought. Mireles v. Waco, 502 U.S. 9, 11 (1991) (per curiam).

With respect to this Court's application of Younger abstention, Plaintiffs argue that the Court "committed manifest error in reasoning that the second, third, and fourth requirements were satisfied." (Motion at 11.) As to the second requirement – whether the proceeding implicates important state interests – Plaintiffs contend "it is simply not true that the calculation of the amount of deficiency judgments involves so significant a state interest." (Id. at 12.) As noted in the Order, the "State of Hawaii has significant interest in the judicial conduct of foreclosure proceedings, which involve state residents, real estate, and local lenders." (Order at 10.) Even in the Motion for Reconsideration, Plaintiffs note how important this issue is, stating that this action may affect "tens of thousands of

4

Hawaii homeowners annually being subjected to such irresponsible State Court financial forfeitures in indefensibly blatant violation of the Fifth and Fourteenth Amendments." (Motion at 15-16.)  Surely, the State has significant interest in Plaintiffs' allegation that state court judges are violating the constitutional rights of its residents.

Plaintiffs also challenge this Court's conclusion that the third and fourth factors of the Younger abstention test favor dismissing this case.  The third factor is whether Plaintiffs may raise the federal constitutional issues in the state proceeding, and the fourth factor is whether the federal action would interfere with the state proceeding. San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose, 546 F.3d 1087, 1092 (9th Cir. 2008).  Plaintiffs argue that this Court "misapprehend[ed] that because the putative class action representatives here lost in their individual cases they cannot bring a class action in their representative capacities." (Motion at 13.)  However, whether Plaintiffs lost their individual state court actions or whether Plaintiffs bring this action in their representative capacities on behalf of a putative class are not determinative of whether the Younger factors are met.  Rather, as explained in this Court's Order, the third and fourth factors are met because "Plaintiffs may – and in fact did – raise their federal constitutional challenges in the state proceedings" and because "any

5

ruling in this case would likely interfere with ongoing state court proceedings." (Order at 11.)

In conclusion, Plaintiffs Motion for Reconsideration does not "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." White, 424 F. Supp. 2d at 1274.  Plaintiffs do not present arguments that justify the "extraordinary remedy" of reversing its Order dated September 20, 2013.  Id.  The Court therefore DENIES Plaintiffs' Motion for Reconsideration of this Court's Order Granting Defendants' Motion to Dismiss (Doc. 27).

DATED:  Honolulu, Hawaii, November 8, 2013.

IT IS SO ORDERED.



  /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Agbannaoag, et al. v. Ahn, et al., Civ. No. 13-00205 BMK; ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION OF THIS COURT'S ORDER GRANTING DEFENDANTS' MOTION TO DISMISS.